**EXHIBIT "A"**

# ROCKET Mortgage

**Note Modification
Closing Instruction**

1050 Woodward Avenue | Detroit, MI 48226

## Loan Information

**Loan Number**

**Property Address: 842 N 28TH ST
PHILADELPHIA, PA 19130**

**Notice Date:** 08/29/2022

**Attention, Notary/Closing Agent:**

Thank you for conducting this closing on our behalf. To ensure the highest-quality closing, please read all steps before asking the clients to begin signing.

**Note: You are not authorized to make changes or remove documents from the signing package.** If a loan does not close as scheduled, you must contact our closing hotline at (888) 663-7374.

**Step 1:** Please ensure that the client signs the two sets of documents you have brought with you. Additional copies will be supplied to the client for their records.

**Step 2:** The client will not have to pay anything for this closing.

**Step 3:** Present documents for all parties to sign or initial where applicable.

Documents must be signed in **blue or black ink exactly** as stated on the signature lines.

If you see any errors or omissions, please contact our closing hotline at (888) 663-7374. For example: if "Jonathan R. Homeowner" is stated below the signature line, the signature must reflect "Jonathan R. Homeowner." **Variations such as "Jon R. Homeowner" or "Jonathan Homeowner,"** etc., are not acceptable.

Prior approval from Rocket Mortgage, LLC, is required to close a loan with a power of attorney. If prior approval has been granted, the signature lines will be formatted as follows: "Jonathan R. Homeowner by Mary A. Attorney – Attorney In Fact," whereby Mary A. Attorney is signing on behalf of Jonathan R. Homeowner. Please call our closing hotline at (888) 663- 7374 if the clients intend on closing with a power of attorney and the signature lines are not formatted as listed above.

**Step 4:** Review and respond to other loan-specific instructions. All clients should sign:

- Loan Modification
- Promissory Note, if applicable
- Partial Claim Subordinate Mortgage, if applicable
- Errors And Omissions Compliance Agreement
- Notice Of Oral Agreements

- Signature Name Affidavit, if applicable
- State-specific disclosures and affidavits
- Correction Agreement
- Identity Verification

**Step 5:** Once the signing is complete, please review the documents to ensure they were signed, initialed and notarized where required. Place all documents in the prepaid overnight envelope and send the package back immediately to:

First American
DTO - Signing Services Dept
3 First American Way
Santa Ana, CA 92707

**Phone:** (800) 508-0944
**Email:** AccountResolution@RocketMortgage.com
**Secure Fax:** (877) 380-5084

**Hours:** Monday - Friday: 8:30 a.m. - 9:00 p.m. ET
Saturday: 9:00 a.m. - 4:00 p.m. ET

Page 1
LM116

# ROCKET Mortgage

1050 Woodward Avenue | Detroit, MI 48226

**Modification Cover Letter**

## Loan Information

| | |
|---|---|
| **Loan Number:** | |
| **Property Address:** | **842 N 28TH ST PHILADELPHIA, PA 19130** |
| **Notice Date:** | **08/29/2022** |

KRISTIN STAFFORD
DANIEL J STAFFORD
842 N 28TH ST, PHILADELPHIA, PA, 19130

HI DANIEL J STAFFORD and KRISTIN STAFFORD,

We're now clear to move to the next steps of your modification.

**Your Modification Terms**

Interest Rate: 4.7500%

Principal Balance: $376,722.90

### Your Monthly Payment Breakdown

| | |
|---|---|
| Principal and Interest Payment: | $1,395.06 |
| Escrow Payment: (may adjust periodically) | $603.30 |
| Total Payment: | $1,998.36 |
| Next Payment Due Date: | 10/01/2022 |

**Your Next Steps**

1. First American will be calling you to schedule a signing agent appointment. If you haven't already, schedule an appointment with a signing agent by September 12, 2022. The signing agent will require a valid government-issued photo ID for each required signer. The executed Modification Closing Package must be returned no later than September 12, 2022.

2. This is your copy of the Modification Closing Package. Our signing agent will bring a complete printed copy to your closing appointment. The signing agent will return the original documents to the following address:
   First American
   DTO - Signing Services Dept
   3 First American Way
   Santa Ana, CA 92707

3. Upon the completion of the modification, you can access a copy of the fully executed modification agreement by signing in to your account at RocketMortgage.com.

If you have any questions or concerns, don't forget that we're here to help! You can contact us at (800) 508-0944, Monday – Friday, 8:30 a.m. – 9:00 p.m. ET, and Saturday, 9:00 a.m. – 4:00 p.m. ET. You can also reach us by email at AccountResolution@RocketMortgage.com.

Sincerely,

Your Rocket Mortgage® Team

This communication is from a debt collector and is an attempt to collect a debt.

If you have an active bankruptcy or you received a bankruptcy discharge, we are sending this for informational or legal purposes only. We're not trying to collect against you personally. If you have any questions about this communication or your obligation to pay, please contact your attorney. If you want to send us a Qualified Written Request, a Notice of Error, or an Information Request, you must send it to Rocket Mortgage, LLC, P.O. Box 442359, Detroit, MI 48244-2359, or fax it to (877) 382-3138.

| | |
|---|---|
| **Phone:** (800) 508-0944 | **Hours:** Monday - Friday: 8:30 a.m. - 9:00 p.m. ET |
| **Email:** AccountResolution@RocketMortgage.com | Saturday: 9:00 a.m. - 4:00 p.m. ET |
| **Secure Fax:** (877) 380-5084 | |

**VA Partial Claim Loan No.:** 
**Primary VA Guaranteed Loan No.** ███████████

# PROMISSORY NOTE

**NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE SECRETARY OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.**

**AUGUST 29, 2022**
[Date]

**842 N 28TH ST, PHILADELPHIA, PENNSYLVANIA 19130**
[Property Address]

### 1.   PARTIES.

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Veterans Affairs, an Officer of the United States, and its successors and assigns.

### 2.   BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum, as calculated under Title 38 Code of Federal Regulations ("C.F.R."), Section 36.4805(e), of **ONE HUNDRED NINE THOUSAND TWO HUNDRED EIGHTY-NINE DOLLARS AND 90 CENTS** Dollars (U.S. **$109,289.90**), to the order of the Lender or Note Holder.

Borrower will make all payments under this Note in the form of cash, check, or money order.

Borrower understands Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 3.   PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust, or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

### 4.   MANNER OF PAYMENT
    (A) Time.

Repayment of the full principal sum is required on **SEPTEMBER 1, 2052** or earlier, when the first of the following events occurs: (1) the transfer of title to the Property secured by the Security Instrument; or (2) the refinancing or payment in full otherwise, of all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments guaranteed by the Secretary, with which this Note and Subordinate Mortgage are associated.

**(B) Place.**

Payment shall be made **at BSI FINANCIAL SERVICES, P.O. Box 679002, Dallas TX, 75267,** Payoff request email: payoffrequest@bsifinancial.com. Payoff request phone # 877-804-4832, Customer Care # 800-327-7861 or any such other place as Lender or Note Holder may designate in writing by notice to Borrower.

**5.  BORROWER'S RIGHT TO PREPAY**

Borrower has the right to prepay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6.  BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Default**

If Borrower does not pay the full amount due on the date it is due, Borrower will be in default and Note Holder is entitled to exercise all remedies provided by, and in accordance with, applicable law.

**(B) Notice of Default**

If Borrower is in default, Note Holder may send a written notice of default as required by applicable law.

**(C) No Waiver By Note Holder**

If, at any time Borrower is in default, Note Holder does not require immediate payment in full, the Note Holder does not waive such right and may require immediate payment at any time Borrower remains in default.

**(D) Payment of Note Holder's Costs and Expenses**

In the event of Borrower's default, Borrower will be liable to Note Holder for all costs and expenses of enforcing this Note to the full extent of applicable law, including but not limited to, reasonable attorney fees and court costs.

**7.  WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require Note Holder to give notice to other persons that amounts due have not been paid.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

### 9.  V.A. REGULATIONS

Regulations (38 C.F.R. Part 36) issued under the U.S. Department of Veterans Affairs ("VA") Guaranteed Loan Authority (38 U.S.C. Chapter 37) and in effect on the date of loan closing shall govern the rights, duties, and liabilities of the parties to this loan and any provisions of this Note which are inconsistent with such regulations are hereby amended and supplemented to conform thereto.

### 10.  SEVERABILITY

If one section of this instrument is found to be void or unenforceable such determination shall not affect the validity or enforceability of other provisions, all of which shall remain in full force and effect.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____          _____

DANIEL J STAFFORD          Date  $8 - 31 - 21$

_____          _____

KRISTIN STAFFORD          Date  $8/31/22$

This Document Prepared By:
**SERENA HALL**
**ROCKET MORTGAGE, LLC**
**635 WOODWARD AVE**
**DETROIT, MI 48226**
**(888) 663-7374**

When Recorded Mail To:
**FIRST AMERICAN TITLE CO**
**3 FIRST AMERICAN WAY**
**SANTA ANA, CA 92707-9991**

Tax/Parcel #: ▮▮▮▮▮▮▮
_____ [Space Above This Line for Recording Data] _____

**NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE SECRETARY OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.**

VA Partial Claim Loan No.▮▮▮▮▮▮
Primary VA Guaranteed Loan No.▮▮▮▮▮▮

**842 N 28TH ST, PHILADELPHIA, PENNSYLVANIA 19130**
(herein "Property Address")

# PARTIAL CLAIMS MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **AUGUST 29, 2022**. The mortgagor is **DANIEL J. STAFFORD AND KRISTIN STAFFORD, HUSBAND AND WIFE ("Borrower")**, whose address is **842 N 28TH ST, PHILADELPHIA, PENNSYLVANIA 19130** ("Borrower"). This Security Instrument is given to the **Secretary of Veterans Affairs, an Officer of the United States**, whose address is Department of Veterans Affairs, Loan Guaranty Service 3401 West End Avenue, Suite 760 W, Nashville, TN 37203 ("Lender"). Borrower owes Lender the principal sum, as calculated under Title 38 Code of Federal Regulations ("C.F.R."), Section 36.4805(e), of **ONE HUNDRED NINE THOUSAND TWO HUNDRED EIGHTY-NINE DOLLARS AND 90 CENTS** Dollars (U.S. **$109,289.90**).

VA Subordinate Note ▮▮▮▮▮▮                                      ▮▮▮▮▮▮▮▮▮▮▮

Page 1

This debt is evidenced by Borrower's note, dated the same date as this Security Instrument ("Note"), which provides for the full debt if not paid earlier, due and payable on **SEPTEMBER 1, 2052.**

This debt is evidenced by Borrower's note, dated the same date as this Security Instrument ("Note"), which provides that the repayment of the full principal sum is required immediately upon: (1) the transfer of title to the Property secured by the Security Instrument;  or (2) the refinancing or payment in full otherwise, of all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments guaranteed by the Secretary, with which the Note and this Subordinate Mortgage are associated.

BORROWER MAY make payments for this subordinate loan, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment there will be no changes in the due date unless Lender agrees in writing to those changes.

THIS SECURITY INSTRUMENT secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in County of **PHILADELPHIA**, State of **PENNSYLVANIA:**

which has the address of **842 N 28TH ST, PHILADELPHIA, PENNSYLVANIA 19130** ("Property Address");

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

Tax Parcel No ▮▮▮▮▮▮▮

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing, is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

**UNIFORM COVENANTS**

    **1.**   **Payment of Principal**. Borrower shall pay when due the principal of the debt evidenced by the Note.

    **2.**   **Borrower Not Released; Forbearance By Lender Not a Waiver**. Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason

of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3.    Successors and Assigns Bound; Joint and Several Liability; Co-signers**. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4.    Notices**. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Veterans Affairs, Loan Guaranty Service 3401 West End Avenue, Suite 760 W, Nashville, TN 37203 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5.    Governing Law; Severability**. This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6.    Borrower's Copy**. Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**NON-UNIFORM COVENANTS**. Borrower and Lender further covenant and agree as follows:

**7.    Acceleration; Remedies**. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 *et seq.* ) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided by the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph or applicable law.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

Borrower: **DANIEL J STAFFORD**

Date  _8-31-22_

Borrower: **KRISTIN STAFFORD**

Date  _8-31-22_

[Space Below This Line for Acknowledgments]

## BORROWER ACKNOWLEDGMENT

State of Pennsylvania

County of _Philadelphia_

This record was acknowledged before me on _8/31/2022_ (date)
by DANIEL J STAFFORD, KRISTIN STAFFORD (name(s) of individual(s)).

(Stamp)

Signature of notarial officer

_Keena Allen, Notary Public_
Printed Name and Title of office

My commission expires: _02/04/2025_

```
Commonwealth of Pennsylvania - Notary Seal
KEENA ALLEN, Notary Public
Montgomery County
My Commission Expires February 4, 2025
Commission Number 1391180
```

## EXHIBIT A

**BORROWER(S): DANIEL J. STAFFORD AND KRISTIN STAFFORD, HUSBAND AND WIFE**

**LOAN NUMBER:** █████████

**LEGAL DESCRIPTION:**

**The land referred to in this document is situated in the CITY OF PHILADELPHIA, COUNTY OF PHILADELPHIA, STATE OF PENNSYLVANIA, and described as follows:**

**ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED DESCRIBED ACCORDING TO A SURVEY THEREOF MADE BY F. BLOCH, ES., SURVEYOR AND REGULATOR OF THE FOURTH DISTRICT ON THE 18TH DAY OF OCTOBER A.D., 1923, AS FOLLOWS, TO WIT:**

**SITUATE ON THE WEST SIDE OF TWENTY-EIGHT STREET AT THE DISTANCE OF THREE HUNDRED TWENTY-TWO FEET EIGHT INCHES NORTHWARD FROM THE NORTH SIDE OF BROWN STREET IN THE FIFTEENTH WARD OF THE CITY OF PHILADELPHIA.**

**CONTAINING IN FRONT OR BREADTH ON THE SAID TWENTY-EIGHTH STREET FIFTEEN FEET EIGHT INCHES AND EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH WESTWARD SIXTY-TWO FEET SIX INCHES TO THE MIDDLE OF A CERTAIN THREE FEET EIGHT INCHES WIDE ALLEY LEADING NORTHWARD INTO PARRISH STREET AND COMMUNICATING AT ITS SOUTHERN END THEREOF WITH A CERTAIN FOUR FEET WIDE ALLEY LEADING EASTWARD INTO TWENTY-EIGHTH STREET AND WESTWARD INTO NEWKIRK STREET.**

**ALSO KNOWN AS: 842 N 28TH ST, PHILADELPHIA, PENNSYLVANIA 19130**

Date: **AUGUST 29, 2022**
Loan Number ████████
Lender: **SECRETARY OF VETERANS AFFAIRS**
Borrower: **DANIEL J STAFFORD, KRISTIN  STAFFORD**
Property Address: **842 N 28TH ST, PHILADELPHIA, PENNSYLVANIA 19130**

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.  THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____          _____
Borrower                                                                                                      Date
**DANIEL J STAFFORD**

_____          _____
Borrower                                                                                                      Date
**KRISTIN  STAFFORD**

Date: AUGUST 29, 2022
Loan Number ▮▮▮▮▮▮▮▮
Lender: **SECRETARY OF VETERANS AFFAIRS**

Borrower: **DANIEL J STAFFORD, KRISTIN STAFFORD**

Property Address: **842 N 28TH ST, PHILADELPHIA, PENNSYLVANIA 19130**

# ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of **SECRETARY OF VETERANS AFFAIRS**

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____        _____
**DANIEL J STAFFORD**                                                            Date

_____        _____
**KRISTIN STAFFORD**                                                              Date

# CERTIFICATE OF RESIDENCE

## TITLE OF DOCUMENT
**PARTIAL CLAIMS MORTGAGE**

## BETWEEN:
**DANIEL  J STAFFORD, KRISTIN  STAFFORD** (assignor/Mortgagor/grantor)

## AND:
**SECRETARY OF VETERANS AFFAIRS**
 (assignee/Mortgagee/grantee)

I do hereby certify that the precise address of the within named Mortgagee is:
**SECRETARY OF VETERANS AFFAIRS**
**314 S FRANKLIN STREET, 2ND FLOOR TITUSVILLE, PA 16354 ATTN: COLLATERAL DEPARTMENT
(VRM)**

*By:* _____

*Print Name:* _____

*Title:* _____

This Document Prepared By:
**SERENA HALL**
**ROCKET MORTGAGE, LLC**
**635 WOODWARD AVE**
**DETROIT, MI 48226**
**(888) 663-7374**

When Recorded Mail To:
**FIRST AMERICAN TITLE CO**
**3 FIRST AMERICAN WAY**
**SANTA ANA, CA 92707-9991**

Tax/Parcel #: █████████

_____ [Space Above This Line for Recording Data] _____

Original Principal Amount: $385,825.00            VA Case No █████████
Unpaid Principal Amount: $364,299.66            Loan No █████████
New Principal Amount: $376,722.90
Capitalization Amount: $12,423.24

Property Address: 842 N 28TH ST, PHILADELPHIA, PENNSYLVANIA 19130

## LOAN MODIFICATION AGREEMENT (MORTGAGE)

This Loan Modification Agreement ("Agreement"), made this **29TH** day of **AUGUST, 2022**,
between **DANIEL J. STAFFORD AND KRISTIN STAFFORD, HUSBAND AND WIFE** ("Borrower"),
whose address is **842 N 28TH ST, PHILADELPHIA, PENNSYLVANIA 19130** and **ROCKET
MORTGAGE, LLC** ("Lender"), whose address is **635 WOODWARD AVE, DETROIT, MI 48226**, amends
and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated
**OCTOBER 17, 2016** and recorded on **OCTOBER 24, 2016** in **INSTRUMENT NO. 53128494**, of the

VA Subordinate Note █████████                                   ██████████████████

**OFFICIAL** Records of **PHILADELPHIA COUNTY, PENNSYLVANIA,** and (2) the Note **bearing the same date as,** and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**842 N 28TH ST, PHILADELPHIA, PENNSYLVANIA 19130**
(Property Address)
the real property described being set forth as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.  As of, **SEPTEMBER 1, 2022** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$376,722.90,** consisting of the amount(s) loaned to Borrower by Lender, plus capitalized interest and other amounts capitalized, which is limited to escrows, and any legal fees and related foreclosure costs that may have been accrued for work completed, in the amount of U.S. **$12,423.24.**

2.  Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender.  Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.7500%,** from **SEPTEMBER 1, 2022.** The Borrower promises to make monthly payments of principal and interest of U.S. $ **1,395.06,** beginning on the **1ST** day of **OCTOBER, 2022,** and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **SEPTEMBER 1, 2052** (the "Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4.  Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a)  all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

VA Subordinate Note

    (b)    all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5.    **If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.**

6.    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7.    Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

VA Subordinate Note

Page 3

In Witness Whereof, I have executed this Agreement.

_____

Borrower: **DANIEL  J STAFFORD**

8-31-22
**Date**

_Kristin Stafford_

Borrower: **KRISTIN  STAFFORD**

8-31-22
**Date**

_____[Space Below This Line for Acknowledgments]_____

### BORROWER ACKNOWLEDGMENT

State of Pennsylvania
County of  Philadelphia

This record was acknowledged before me on _____ 8/31/2022 _____ (date)
by DANIEL  J STAFFORD, KRISTIN  STAFFORD (name(s) of individual(s)).

(Stamp)

_Keena Allen_
Signature of notarial officer

_Keena Allen Notary Public_
Printed Name and Title of office

My commission expires:  02/04/2025

Commonwealth of Pennsylvania - Notary Seal
KEENA ALLEN, Notary Public
Montgomery County
My Commission Expires February 4, 2025
Commission Number 1391180

VA Subordinate Note ██████████

Page 4

In Witness Whereof, the Lender has executed this Agreement.

**ROCKET MORTGAGE LLC, F/K/A QUICKEN LOANS, LLC F/K/A QUICKEN LOANS INC, BY FIRST AMERICAN TITLE INSURANCE COMPANY, AS ITS ATTORNEY-IN-FAC**

_____        _____
By                                        (print name)                        Date
                                          (title)

_____ [Space Below This Line for Acknowledgments] _____

**LENDER ACKNOWLEDGMENT**

STATE OF CALIFORNIA
COUNTY OF ORANGE

The foregoing instrument was acknowledged before me this_____

by _____,  the  _____  of  **ROCKET MORTGAGE LLC, F/K/A QUICKEN LOANS, LLC F/K/A QUICKEN LOANS INC, BY FIRST AMERICAN TITLE INSURANCE COMPANY, AS ITS ATTORNEY-IN-FAC**, a company, on behalf of said company.

_____
Notary Public

Printed Name: _____

My commission expires: _____

**Drafted By:**
**ROCKET MORTGAGE, LLC**
**635 WOODWARD AVE**
**DETROIT, MI 48226**

## EXHIBIT A

**BORROWER(S): DANIEL J. STAFFORD AND KRISTIN STAFFORD, HUSBAND AND WIFE**

**LOAN NUMBER:** ███████

**LEGAL DESCRIPTION:**

**The land referred to in this document is situated in the CITY OF PHILADELPHIA, COUNTY OF PHILADELPHIA, STATE OF PENNSYLVANIA, and described as follows:**

**ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED DESCRIBED ACCORDING TO A SURVEY THEREOF MADE BY F. BLOCH, ES., SURVEYOR AND REGULATOR OF THE FOURTH DISTRICT ON THE 18TH DAY OF OCTOBER A.D., 1923, AS FOLLOWS, TO WIT:**

**SITUATE ON THE WEST SIDE OF TWENTY-EIGHT STREET AT THE DISTANCE OF THREE HUNDRED TWENTY-TWO FEET EIGHT INCHES NORTHWARD FROM THE NORTH SIDE OF BROWN STREET IN THE FIFTEENTH WARD OF THE CITY OF PHILADELPHIA.**

**CONTAINING IN FRONT OR BREADTH ON THE SAID TWENTY-EIGHTH STREET FIFTEEN FEET EIGHT INCHES AND EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH WESTWARD SIXTY-TWO FEET SIX INCHES TO THE MIDDLE OF A CERTAIN THREE FEET EIGHT INCHES WIDE ALLEY LEADING NORTHWARD INTO PARRISH STREET AND COMMUNICATING AT ITS SOUTHERN END THEREOF WITH A CERTAIN FOUR FEET WIDE ALLEY LEADING EASTWARD INTO TWENTY-EIGHTH STREET AND WESTWARD INTO NEWKIRK STREET.**

**ALSO KNOWN AS: 842 N 28TH ST, PHILADELPHIA, PENNSYLVANIA 19130**

Date: **AUGUST 29, 2022**
Loan Number: ▮▮▮▮▮▮▮▮▮
Lender: **ROCKET MORTGAGE, LLC**

Borrower: **DANIEL J STAFFORD, KRISTIN STAFFORD**

Property Address: **842 N 28TH ST, PHILADELPHIA, PENNSYLVANIA 19130**

## NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____    8·31-22
Borrower                                                                    Date
**DANIEL J STAFFORD**

_____    8·31·22
Borrower                                                                    Date
**KRISTIN STAFFORD**

Date: **AUGUST 29, 2022**
Loan Number █████████
Lender: **ROCKET MORTGAGE, LLC**

Borrower: **DANIEL J STAFFORD, KRISTIN STAFFORD**

Property Address: **842 N 28TH ST, PHILADELPHIA, PENNSYLVANIA 19130**

## ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of **ROCKET MORTGAGE, LLC**

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

**DANIEL J STAFFORD** _____ Date

**KRISTIN STAFFORD** _____ Date

# CERTIFICATE OF RESIDENCE

## TITLE OF DOCUMENT
**LOAN MODIFICATION AGREEMENT (MORTGAGE)**

## BETWEEN:
**DANIEL  J STAFFORD, KRISTIN  STAFFORD** (assignor/Mortgagor/grantor)

## AND:
**ROCKET MORTGAGE LLC, F/K/A QUICKEN LOANS, LLC F/K/A QUICKEN LOANS INC, BY FIRST
AMERICAN TITLE INSURANCE COMPANY, AS ITS ATTORNEY-IN-FAC** (assignee/Mortgagee/grantee)

I do hereby certify that the precise address of the within named Mortgagee is:
**ROCKET MORTGAGE LLC, F/K/A QUICKEN LOANS, LLC F/K/A QUICKEN LOANS INC, BY FIRST
AMERICAN TITLE INSURANCE COMPANY, AS ITS ATTORNEY-IN-FAC
635 WOODWARD AVE
DETROIT, MI 48226**

*By:* _____

*Print Name:* _____

*Title:* _____

# ROCKET Mortgage

**Correction Agreement**

1050 Woodward Avenue | Detroit, MI 48226

| Loan Information | |
|---|---|
| **Loan Number:** | |
| **Property Address:** | 842 N 28TH ST PHILADELPHIA, PA 19130 |
| **Notice Date:** | 08/29/2022 |

KRISTIN STAFFORD

DANIEL J STAFFORD

842 N 28TH ST, PHILADELPHIA, PA, 19130

Hi DANIEL J STAFFORD and KRISTIN STAFFORD,

By signing this, you are agreeing to the below:

I/We authorize First American Title Insurance Company to correct any typographical or clerical errors in my/our loss mitigation documentation, including any loan modification agreement, FHA partial claim mortgage or other documentation that I/we signed in connection with my/our loss mitigation solution approved by Rocket Mortgage, LLC. First American Title Insurance Company is authorized to place my/our initials on my/our behalf on the documents where the changes are made.

Examples of typographical or clerical errors that First American Title Insurance Company can correct on my/our behalf include the following:

- Errors in the spelling of my/our name or my/our mailing or property address
- Adding the legal description of my/our property if it was inadvertently omitted
- Correcting any dates to accurately reflect my/our signing date
- Correcting errors or adding information to ensure the title vesting on the loss mitigation documentation matches the title to my/our home as it appears on the most recent deed
- Correcting errors with the identification of the recorded mortgage on my/our modification agreement
- If applicable, adding the name of my/our condominium or planned urban development (PUD) project if it was inadvertently omitted

**This Correction Agreement will not be used in any way to change the terms of my/our loss mitigation solution, including my/our new interest rate, loan term, loan amount or monthly payment as set forth in my/our approval letter.**
If this Correction Agreement is used, I/we will be notified and receive a copy of the corrected document.
By signing this, I/we authorize First American Title Insurance Company to sign my/our initials on my/our behalf to correct any typographical or clerical errors in my/our loss mitigation documentation.

If this Correction Agreement is used, I/we will be notified and receive a copy of the corrected document.

DANIEL J STAFFORD                                        Date  8-31-22

KRISTIN STAFFORD                                         Date  8-31-22

This communication is from a debt collector and is an attempt to collect a debt.
If you have an active bankruptcy or you received a bankruptcy discharge, we are sending this for informational or legal purposes only. We're not trying to collect against you personally. If you have any questions about this communication or your obligation to pay, please contact your attorney. If you want to send us a Qualified Written Request, a Notice of Error, or an Information Request, you must send it to Rocket Mortgage, LLC, P.O. Box 442359, Detroit, MI 48244-2359, or fax it to (877) 382-3138.

| | |
|---|---|
| **Phone:** (800) 508-0944 | **Hours:** Monday - Friday: 8:30 a.m. - 9:00 p.m. ET |
| **Email:** | Saturday: 9:00 a.m. - 4:00 p.m. ET |
| **Secure Fax:** (877) 380-5084 | |